UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EAZ CHAY JR, § § § | |
| Plaintiff, § § | |
| VS. § | CIVIL ACTION NO. 7:23-CV-206 |
| § § | |
| JOSE A. MONTIEL, *et al.*, § § § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

Plaintiff Eaz Chay, Jr. filed this civil action pursuant to 42 U.S.C. § 1983, asserting various violations of his civil rights. (Docket No. 1.) Pending before the Court are his "Motion for Entry of Default Judgment" and "Default of Judgment," which are essentially the same motion. (Docket Nos. 15, 17.) Both motions are urged pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Docket No. 15, at 1; Docket No. 17, at 1.) Defendants have filed a "Response in Opposition to Plaintiff's Motion for Default Judgment." (Docket No. 22.) For the reasons that follow, the undersigned recommends that Plaintiff's "Motion for Entry of Default Judgment" and "Default of Judgment" be denied.

### I. BACKGROUND

On June 26, 2023, Plaintiff filed this § 1983 civil rights action. In his Complaint he alleges that in August 2021, officers with the Pharr Police Department violated his civil rights when they "intentionally [and] illegally" arrested him, and by assaulting him during the arrest. (Docket No. 1, at 4.) According to Plaintiff, as a result of the arrest he "sustained scars and permanent injuries to both his knees, hands, shoulders and neck C-spine and body." (*Id.* at 5.) As relief he seeks "actual damages," "compensatory damages," and "punitive damages" in unspecified amounts. (*Id.*)

"Plaintiff served the Defendants with the lawsuit [about] three months later on 9/14/23." (Docket No. 22, at 1 (citing Docket Nos. 5-7).)  Several weeks later, on October 4, 2023, Plaintiff filed an Amended Complaint, and according to him, he served the pleading to Jose F. Gonzalez, the Chief of the Pharr Police Department.[1]  (*See* Docket No. 14.)  Several days later, on October 10, 2023, Plaintiff filed the pending motion for entry of default judgment.  (*See* Docket Nos. 15, 17.)  Defendants concede that they "failed to timely appear and answer in this lawsuit." (Docket No. 22, at 1.)  However, "Defendants have now appeared in the lawsuit and an Answer has since been filed." (*Id.*)  Notwithstanding this, Plaintiff alleges that Defendants' "default(s) was entered on October 6, 2023."  (Docket No. 15-1, at 1; *see also* Docket No. 17, at 1 (also alleging that "default [was] entered 10/10/2023").)

Defendants responded to Plaintiff's motions for default judgment, asserting that "none of the conditions currently exist for either a default to be entered or for the entry of a default judgment." (Docket No. 22, at 2.)  Specifically, Defendants argue that their failure to timely answer was due to "excusable neglect," that "Plaintiff makes no effort at all to show or claim prejudice," and that "they have meritorious defense to the claims." (*Id.* at 4.)  Plaintiff filed a response to Defendants, arguing that default judgment is proper "based on defendants' CONTINOUS failure to appear." (Docket No. 24, at 2.)  On March 20, 2024, the Court held a hearing to address (among other things) Plaintiff's pending motions for default judgment.

## II. ANALYSIS

The Fifth Circuit has explained default in the following way:

---

[1] Plaintiff has not named Jose F. Gonzalez as a defendant in this action.  (*See* Docket Nos. 1, 11, 27.)

> A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*.

*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (citing FED. R. CIV. P. 55(a)) (emphases in original). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996); *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "The Fifth Circuit has explained that default judgment 'puts competing policy interests at play' and the balancing of these interests 'lies largely within the domain of the trial judge's discretion.'" *Williams v. Licari*, 692 F. Supp. 3d 647, 653–54 (E.D. Tex. 2023) (quoting *Wooten v. McDonald Transit Assocs., Inc.,* 788 F.3d 490, 496 (5th Cir. 2015)).

Plaintiff's motions seeking entry of default judgment are misplaced. As one Court has explained:

> [I]t is not clear whether Rule 55(a) regarding entry of default even applies here. The rule addresses parties who "fail to plead or otherwise defend" and is silent as to late pleadings. Here, there has not been a failure to plead or otherwise defend but instead merely, at most, late-filed pleadings.

*Quintana v. Lowe*, No. 5:22-CV-706, 2023 WL 3077878, at *1 (W.D. Tex. Mar. 3, 2023). Here, as in *Quintana*, "there has not been a failure to plead or otherwise defend but instead merely, at most, late-filed pleadings." *Id.* "Defendants assert that none of the conditions currently exist for either a default to be entered or for the entry of a default judgment . . . [because] Defendants have now answered the lawsuit and are thus defending against the action." (Docket No. 22, at 2.) As such, contrary to Plaintiff's argument, Rule 55 does not appear to be applicable here.

In addition, "[i]t is certainly true that if a plaintiff amends his complaint, a defendant may file a new responsive pleading because the amended complaint typically causes the original pleading to be 'of no legal effect.'" *United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 322 (5th Cir. 2016) (quoting *King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994)). As noted, Plaintiff filed his original complaint on June 26, 2023. (Docket No. 1.) Since then, he has filed several amended pleadings. (*See* Docket Nos. 11, 27, 34.) As Defendants note, Plaintiff's amended pleadings have been filed without leave of the court.

In any event, Defendants have now "answered the lawsuit;" in fact, their responsive pleadings have become more urgent. (*See* Docket Nos. 18-22, 29, 31, 37, 45, 47.) For example, although 53 days passed from the date of service of Plaintiff's original complaint to Defendant's answer (*compare* Docket Nos. 5-7, *with* Docket No. 21), the amount of time that passed from the filing of Plaintiff's amended complaint to Defendant's answer was only 33 days (*compare* Docket No. 11, *with* Docket No. 21). Similarly, Defendant filed its response to Plaintiff's initial motion for entry of default in 27 days. (*See* Docket Nos. 15, 22.) Finally, after Plaintiff filed his Amended Complaint, Defendant filed motions to dismiss for failure to state a claim within two weeks. (*See* Docket Nos. 27, 29, 31.) As Defendants put it, they are "thus defending against the action." (Docket No. 22, at 2.); *see Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (the court found that the parties' responses were indicative of its desire not to abandon the litigation).

"Moreover, even if [Rule 55(a) regarding entry of default] were applicable in this context, the Court may extend deadlines on a motion made after the deadline has expired, if the late party failed to act timely because of 'excusable neglect.'" *Quintana*, 2023 WL 3077878, at *1 (citing FED. R. CIV. P. 6(b)(1)(B)). Defendants explain their failure to timely answer as follows:

> In this case, it appears an answer was not filed simply by omission or mistake in forwarding the lawsuit from Defendants/City to the City's risk pool

> TMLIRP, which would have immediately assigned counsel for Defendants. This meets the "elastic" standard for excusable neglect. Further, Defendants have acted promptly on this issue. 346 F.3d at 563. In this case, Defendants acted promptly to answer as soon as the suit made its way to the City/Defendants' risk pool and thus to assigned counsel.

(Docket No. 22, at 4.)  Having reviewed Defendants' response, the undersigned finds the explanation persuasive.

Further, even if the Clerk had entered a default here—which it has not—"a court may set aside an entry of default for good cause." *Quintana*, 2023 WL 3077878, at *2 (citing FED. R. CIV. P. 55(c)).  A default under these circumstances is inappropriate because any such default would clearly meet this 'good cause' standard.  In analyzing whether good cause is present, a court should consider three factors: 1) the willfulness of the default, 2) the prejudice to the opposing party if the default is set aside, and 3) whether the defending party has meritorious defenses.  *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

As to the first factor, Defendants argue that their failure to timely answer was not willful, rather, it was due to "excusable neglect." (Docket No. 22, at 4.)  As noted, the undersigned finds their explanation persuasive.  Further supporting their claim of "excusable neglect," Defendants have filed an answer to the complaint, a written response to the pending motion, and appeared (through counsel of record) at the scheduling conference.  These actions are consistent with their claim of "excusable neglect."  *See Mason*, 562 F.2d at 345 (the court found that the parties responses were indicative of its desire not to abandon the litigation).

Next, Plaintiff has failed to allege—let alone prove—that he has suffered prejudice due to the delay in filing the answer.  "There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).

"[M]ere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293. "[T]he plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (5th Cir. 1990)). Here, Plaintiff makes no mention of suffering prejudice of any kind in his motions for entry of default. (*See* Docket Nos. 15, 17.) In fact, the only reference he makes to prejudice is his statement that "DEFENDANTS failed to timely respond continuedly prejudicing the PLAINTIFF." (Docket No. 24, at 4 (emphasis in original).) However, this cursory statement does not show anything other than "mere delay," which is insufficient to prove prejudice.

Finally, as to the last element for the court to consider, "Defendants urge that they have established that they have a meritorious defense to the claims." (Docket No. 22, at 4.) To show a meritorious defense, Defendant "need not prove that it will likely succeed on the merits." *iLife Techs. Inc. v. Activecare, Inc.*, No. 3:12-CV-5161, 2013 WL 1943322, at *2 (N.D. Tex. May 10, 2013) (quoting *Owens–Illinois, Inc. v. T & N Ltd.*, 191 F.R.D. 522, 526 (E.D. Tex. 2000)). Here, Defendants have urged—among other things—the defense of qualified immunity.[2] Suffice it to say, that after review of Defendants' various pleadings, at this stage of the litigation the defenses asserted appear well-founded. (Docket Nos. 21, 29, 31, 37, 45, 47.)

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Motion for Entry of Default Judgment" (Docket No. 15) and "Default of Judgment" (Docket No. 17) be DENIED.

### NOTICE TO THE PARTIES

---

[2] As noted, Defendants have filed numerous dispositive motions, which are under consideration. (*See* Docket Nos. 29, 31, 45, 47.) The undersigned will prepare a separate report and recommendation addressing the issues raised by those motions.

The Clerk shall send copies of this Report and Recommendation to the parties who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 13th of August, 2024 at McAllen, Texas.

                                                NADIA S. MEDRANO
                                              United States Magistrate Judge