United States District Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EAZ CHAY JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:23-CV-00206 |
| § | |
| JOSE A. MONTIEL, § | |
| EDGAR HERNANDEZ, § | |
| CITY OF PHARR POLICE § | |
| DEPARTMENT, CITY OF PHARR, § | |
| HIDALGO COUNTY, TEXAS, § | |
| CAMERON COUNTY, TEXAS, § | |
| UTB/TSC, AND § | |
| WELLS FARGO BANK, § | |
| § | |
| Defendants. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the January 31, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Nadia S. Medrano. (Dkt. No. 88). Judge Medrano made findings and conclusions and recommended that Defendant Cameron County's Motion to Dismiss, (Dkt. No. 45), be granted. Judge Medrano further recommended that this Court not grant Plaintiff leave to amend his claims against Cameron County. (Dkt. No. 88 at 10). Consequently, Judge Medrano recommended that Defendant Cameron County be dismissed from this action. (*Id.* at 12).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On February 14, 2025, Plaintiff filed objections to Judge Medrano's M&R. (Dkt. No. 89). Plaintiff's objections are difficult to

follow. (*See* Dkt. No. 88 at 3) (noting the same with respect to Plaintiff's previous filings). Liberally construed, Plaintiff appears to generally object to the M&R by reiterating his allegations against Defendant Cameron County and others. Specific to Cameron County, Plaintiff alleges that (1) it is involved in at least two broad conspiracies—one facilitating illegal immigration, sex trafficking, money laundering, drug trafficking, and organ trafficking in the Rio Grande Valley, (Dkt. No. 89 at 2), and another controlling the Bail Bond Board and the Cameron County Probation Office to influence case outcomes, (*id.* at 7–8); (2) it operates a corrupt judicial system characterized by cronyism, depriving him of a fair chance at justice, (*id.* at 2, 7); (3) it was involved in "fixing" a prior criminal case against him, (*id.* at 8); (4) it fabricated evidence, used old probation records from 1997 to justify his arrest, coerced him into signing documents under duress, and facilitated a false arrest through a fraudulent address, (*id.* at 10); and (5) it violated federal racketeering laws under 18 U.S.C. § 1962 (RICO), along with personnel policies and provisions of Texas law, (*id.* at 6).

Based on these claims, Plaintiff objects to the dismissal recommendation on the grounds that these claims are not speculative, but rather based on constitutional violations, racketeering, and systemic corruption. (*Id.* at 12). He argues that dismissing the case at this stage would be premature and unjust. (*Id.*)

Separately, Plaintiff appears to object to Judge Medrano's alleged finding that a connection exists between certain cases, arguing that Cameron County's judicial system is deeply influenced by Democratic Party officials engaged in case-fixing and political

corruption. (*Id.* at 10–11). Plaintiff requests either to proceed with the claim against Cameron County or to amend his complaint. (*Id.*).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court.

It is therefore ordered that: Judge Medrano's M&R, (Dkt. No. 88), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(1) Defendant Cameron County's Motion to Dismiss, (Dkt. No. 45), is **GRANTED**; and

(2) Defendant Cameron County is **DISMISSED** from this civil action.

It is SO ORDERED.

Signed on February 19, 2025.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**