United States District Court
Southern District of Texas
**ENTERED**
March 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **EAZ CHAY JR.,** | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 7:23-CV-00206 |
| **JOSE A. MONTIEL, EDGAR HERNANDEZ, CITY OF PHARR POLICE DEPARTMENT, CITY OF PHARR, HIDALGO COUNTY, TEXAS, UTB/TSC, and WELLS FARGO BANK,** | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the February 19, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Nadia S. Medrano. (Dkt. No. 90). Judge Medrano made findings and conclusions and recommended that Defendant Wells Fargo Bank's Motion to Dismiss, (Dkt. No. 47), be granted, (Dkt. No. 90 at 1, 15). Judge Medrano further recommended that this Court not grant Plaintiff leave to amend his claims against Wells Fargo Bank. (Dkt. No. 90 at 14–15). Consequently, Judge Medrano recommended that Wells Fargo be dismissed from this action. (*Id.* at 15).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On March 5, 2025, Plaintiff filed over 100 "objections" to Judge Medrano's M&R. (Dkt. No. 92). Plaintiff's objections are difficult to follow. (*See* Dkt. No. 90 at 3) (noting the same with respect to Plaintiff's previous filings). Liberally construed, Plaintiff appears to generally object to the M&R by

reiterating his allegations against Wells Fargo Bank and others. (*See generally* Dkt. No. 92). Specific to Wells Fargo, Plaintiff appears to argue that Wells Fargo knowingly participated in a conspiracy involving Cameron County and UTB/TSC by opening fake bank accounts in Plaintiff's name in May 2005 and processing transactions he could not have authorized since he was incarcerated at the time. (*See id.* at 2, 5–9, 13, 19–21). He argues Wells Fargo was part of a coordinated scheme involving local judicial and educational institutions aimed at protecting drug traffickers, manipulating judicial records, and obstructing government oversight. (*See id.*). Plaintiff contends that suspicious stock transactions by Wells Fargo executives around the same time further demonstrate the bank's knowledge and intentional participation in the alleged conspiracy. (*See id.*).

Plaintiff specifically objects to the M&R's finding that his claims against Wells Fargo fail to meet pleading standards, (*see id.* at 3), contending that he provided enough evidence to demonstrate that Wells Fargo participated knowingly in fraudulent schemes related to his illegal arrest and imprisonment, including transactions he could not have executed due to his incarceration, (*see id.* at 1–2, 18). He contends that he was improperly denied an opportunity to present this evidence at the hearing. (*See id.* at 5–6, 12, 32).

Plaintiff also objects to the M&R's holding that the statutes of limitations bar his claims against Wells Fargo, arguing that equitable tolling should apply because he was unaware of his injuries and Wells Fargo's alleged fraudulent actions until he discovered them in recent years. (*See id.* at 5, 7, 9–10, 14, 17).

Finally, Plaintiff objects to Judge Medrano's dismissal recommendation, arguing that dismissal would harm him and the public and unfairly prevent him from presenting additional evidence showing Wells Fargo's connection to the conspiracy. (*See id.* at 4, 11, 13, 15–16, 32).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court.

It is therefore ordered that: Judge Medrano's M&R, (Dkt. No. 90), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

    (1)    Defendant Wells Fargo Bank's Motion to Dismiss, (Dkt. No. 47), is **GRANTED**; and

    (2)    Defendant Wells Fargo Bank is **DISMISSED** from this civil action.

It is SO ORDERED.

Signed on March 12, 2025.

                                               **DREW B. TIPTON**
                                 **UNITED STATES DISTRICT JUDGE**