UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| EAZ CHAY, JR., § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 7:23-CV-206 |
| § | |
| JOSE A. MONTIEL, *et al.*, § | |
| § | |
| Defendants. § | |
| § | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion to Certify [the] Case as Complex Litigation." (Docket No. 67.) In the motion, Plaintiff anticipates voluminous discovery as well as "novel question[s] of fact and/or law" to arise in this case. (*Id.* at 2.) Defendant Wells Fargo responded to the motion, articulating a general opposition to Plaintiff's request. (*See* Docket No. 75.) As explained below, after review of the motion, applicable law, and other relevant pleadings, the undersigned recommends that Plaintiff's motion to certify the case as complex litigation be denied.

### I. ANALYSIS

On September 23, 2024, Plaintiff filed the pending "Motion to Certify [the] Case as Complex Litigation." (Docket No. 67.) In the motion, Plaintiff "moves the court to certify this case as complex," pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii). (*Id.* at 1.) In support of his motion, Movant argues that the trial "will involve extensive evidence," that "the production process will be lengthy and complicated," and that "the case may present novel question[s] of fact and/or

law." (*Id.* at 2.)  As noted, Defendant Wells Fargo filed a response in opposition.[1]  (*See* Docket No. 75.)

"The [Speedy Trial] Act generally requires a federal criminal trial to begin within 70 days after a defendant is charged or makes an initial appearance, § 3161(c)(1), but the Act contains a detailed scheme under which certain specified periods of delay are not counted."  *Zedner v. United States*, 547 U.S. 489, 492 (2006).  Section 3161 reflects Congress's clear intent "to give district judges a measure of flexibility in accommodating unusual, complex, and difficult cases." *Zedner,* 547 U.S. at 508; *see also* 18 U.S.C. § 3161(h)(7)(B)(ii) ("Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.")  The Speedy Trial Act in general, and section 3161 specifically, apply to criminal proceedings.  *See, e.g.*, *United States v. Edelkind*, 525 F.3d 388, 397 (5th Cir. 2008).

Here, in support of his motion to certify the case as complex litigation, Plaintiff cites to a criminal statute.  Plaintiff does not cite to, nor does he hint at, any legal basis for the court to certify this civil litigation as complex litigation.  Perhaps more importantly, the undersigned finds no legal basis to grant the relief that Plaintiff seeks.  Accordingly, the undersigned recommends that Plaintiff's motion to certify the case as complex litigation be denied.[2]

---

[1] Defendant Wells Fargo has since been dismissed as a party in this lawsuit.  (*See* Docket Nos. 47, 90, 92, 94.)

[2] The undersigned notes that a status conference is pending in this case, at which time the Court will address the scheduling order.  (*See* Docket No. 97.)

## II.  CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's "Motion to Certify [the] Case as Complex Litigation" (Docket No. 67) be **DENIED**.

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).  Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 8th of April, 2025 at McAllen, Texas.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　NADIA S. MEDRANO
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge