United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **EAZ CHAY, JR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-CV-00206 |
| | § | |
| **JOSE MONTIEL, et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the February 3, 2026, Report and Recommendation ("R&R") prepared by Magistrate Judge Nadia S. Medrano. (Dkt. No. 119). Although several claims and defendants have already been dismissed from this case, what remains are Plaintiff Eaz Chay, Jr.'s ("Chay Jr."), excessive-force claims against City of Pharr Police Department officers Jose Montiel and Edgar Hernandez that arise from Chay Jr.'s arrest on June 26, 2021. (*Id.* at 1–2). Judge Medrano made findings and conclusions, (Dkt. No. 119), and recommended that Defendants Jose Montiel and Edgar Hernandez's Amended Motion for Summary Judgment, (Dkt. No. 104), be granted.

The Parties were provided proper notice and the opportunity to object to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Chay Jr., proceeding pro se, filed an exhaustive[1] list of objections on February 17, 2026. (Dkt. No. 121). These objections rest

---

[1] Plaintiff's objections span across 73 pages. (*See* Dkt. No. 121). Many of these objections are conclusory allegations or bald assertions, (*see, e.g.*, Dkt. No. 121 at 6, 10, 17, 50), or are statements about alleged findings or conclusions that are outside the scope of those made by Judge Medrano in her R&R, (*see, e.g.*, Dkt. No. 121 at 4, 16).

on his repeated claim that the Defendants participated in a broader conspiracy[2] against him involving the "weaponization . . . of local governments influenced by the Democratic Party." (Dkt. No. 121 at 4). The Court collates Plaintiff's list of objections into two general categories: those objections that pertain to the nature of the 2021 arrest and those objections that relate to events immediately preceding it.

First, Chay Jr. objects to Judge Medrano's finding that he actively resisted arrest during the recorded encounter, (*id.* at 4), and that Defendants did not use excessive force, (*id*. at 7, 8). Chay Jr. argues that he was only "stumbling toward the ground after being twisted and restrained and seized by Officer Montiel without [n]otice." (*Id.* at 5). He objects to Judge Medrano's finding that there was no chokehold and alleges that Defendant Montiel pulled Chay Jr. on his back, choked him, and intentionally obstructed the body camera from viewing the alleged chokehold. (*Id.* at 10). Chay Jr. objects to Judge Medrano's finding that there was no evidence that Officer Montiel "pistol[-]whipp[ed]" him, and he contends that Officer Montiel punched him five times in the face. (*Id.* at 7, 12). Chay Jr. also objects to Judge Medrano's finding that he attempted to take Officer Montiel's weapon while resisting arrest, and he argues instead that it was the Defendants who were creating the "state danger." (*Id.* at 12-14). Chay Jr. further objects to Judge Medrano's finding that Officer Montiel warned Chay Jr. that he would "step it up" if he continued to resist arrest. (*Id.* at 16).

---

[2]    Chay Jr. refers to the Defendants' alleged conspiracy against him as "The Enterprise." (Dkt. No. 121 at 51–52).

Second, Chay Jr. objects to Judge Medrano's R&R finding that he performed "donuts" in his vehicle near parked cars and bystanders, that he had been drinking or smelled of alcohol, and that he engaged in any criminal activity when the Defendants first encountered him immediately preceding the 2021 arrest. (*Id.* at 10, 14).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the R&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the R&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1)   Magistrate Judge Medrano's R&R, (Dkt. No. 119), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2)   Defendants' Amended Motion for Summary Judgment, (Dkt. No. 104), is **GRANTED**.

It is SO ORDERED.

Signed on February 26, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**